[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO MODIFY ALIMONY (#118)
The defendant has filed a motion for modification of his alimony obligations to the plaintiff, his former wife, based upon an alleged substantial change in his financial circumstances. The court held a hearing thereon on August 12, 1996. Both parties appeared pro se and gave testimony.
The marriage of the parties was dissolved by the court (Novack, J.) on December 19, 1995. In its memorandum of decision, the court found that the defendant had been employed as a teacher for the last 30 years. Also, the court found that the defendant had operated a home repair business for several years. The defendant's financial affidavit, submitted at the time of the dissolution, showed income from those two sources. The defendant indicated that he was a teacher in the Scarsdale public school system, with a gross monthly wage of $5,580, net of $3,633. In his affidavit he also indicated that he was an independent artisan, with gross monthly income of $2,750, net of labor, materials and taxes, of $1,301. Therefore, his total monthly income at the time of dissolution was claimed to be $4,934. In his memorandum of decision, Judge Novack ordered the defendant to pay to the plaintiff alimony of $2,100, per month, until her death or remarriage.
The primary basis for the defendant's request for modification, is his claimed loss of his secondary, or artisan, income. Prior to and at the time of the dissolution, the defendant had a shop or outbuilding at the marital home. Judge Novack awarded the home to the plaintiff, and ordered that the defendant vacate this outbuilding or shop no later than February 1, 1996. The defendant states that since that has happened, he has lost any means of generating this secondary income. CT Page 5256-BBBBBB
The court believes that the defendant has not sustained his burden of proving a substantial change in his financial circumstances not of his own making. There was evidence from the plaintiff, which the court credited, that she has received numerous phone calls from customers or clients and has forwarded these calls to the defendant. Also, the defendant has a truck with side panels in which he keeps his tools of the trade, giving him the ability to travel about and perform the customers or clients' work at their residence. The defendant admits to this ability, and further admits to at least one job, constructing a deck, in July and August 1996 which will net him $3,500.
While the loss of the shop may have made the defendant's secondary income somewhat more difficult, the court cannot find that the loss of the shop destroyed or substantially impaired the defendant's ability to earn this income. Also, the court assumes that Judge Novack, who issued the order awarding the residence to the plaintiff and that the defendant vacate the shop by February 1, 1996, took that into account in making his alimony order. Under all of the circumstances, this court cannot say, at this early juncture following the dissolution, that the defendant has met his burden on his motion.
For the foregoing reasons, the defendant's motion to modify is denied.
Dated at Stamford, Connecticut, this 13th day of August, 1996.
JOHN F. KAVANEWSKY, JR., JUDGE